lmv

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 11 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| BILLY RAY JONES | * |
| | * |
| VS | *  C.A. NO. B98 027 |
| | * |
| JUANITA DORMAN | * |
| NICH BLYTHE, and | * |
| L. CHAPMAN SMITH | * |

### ORDER OF TRANSFER

This is a civil rights cause of action filed by a person in the custody of the Texas Department of Criminal Justice, pursuant to 42 U.S.C. § 1983.

Plaintiff complains of events occurring in the Lynaugh Unit in Ft. Stockton, Texas, The Court takes judicial notice that Fort Stockton is located in the Pecos Division of the Western District of Texas, Federal Rules of Evidence 201(b). See <u>Weaver v. United States</u>, 298 F.2d 490, 499 (5th Cir. 1962).

A district court may transfer a case to another district upon a motion or *sua sponte*. <u>Caldwell v. Palmetto State Sav. Bank of South Carolina</u>, 811 F.2d 916 (5th Cir. 1987); <u>Frazier v. F.B.I.</u>,

901 F.Supp. 217, 220 (E.D. La. 1995). The district court has broad discretion in deciding whether to order a transfer. Caldwell, 811 F.2d at 919. The Court may also transfer to another division within the district. 28 U.S.C. § 1404(a).

Since 42 U.S.C. § 1983 has no specific venue provision venue in the instant case is determined under 28 U.S.C. § 1391. Frazier, 901 F.Supp. at 220, n.4 (citing Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, Plaintiff clearly complaints of events that occurred in the Pecos Division of the Western District of Texas. All potential witnesses are in the Pecos Division. The Court finds that the Pecos Division is the appropriate venue to address Plaintiff's claims.

Therefore, for the convenience of the parties and witnesses, and in the interest of justice, the Court finds that transfer to

3

the Pecos Division of the Western District of Texas, is appropriate, and accordingly, it is hereby **ORDERED** that Plaintiff's lawsuit is **TRANSFERRED** to the United States District Court for the Western District of Texas, Pecos Division. 28 U.S.C. §§ 1391(b) and 1404(a).

DONE at Brownsville, Texas, this \_\_11\_\_ day of February, 1999.

_____
Hilda G. Tagle
United States District Judge